UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| MICHAEL A. MAGGIO, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 21-21-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| HECTOR JOYNER, Warden, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Michael Maggio is presently confined at the federal penitentiary in Inez, Kentucky. Maggio has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that the Bureau of Prisons refuses to apply "earned time credits" to his sentence as required by the First Step Act, 18 U.S.C. § 3632(d)(4)(A) ("FSA"). [Record No. 1] Maggio also seeks the appointment of counsel. [Record No. 3] The petition must be screened before the matter may proceed. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Maggio's petition, memorandum in support, affidavit, and motion for counsel [Record Nos. 1, 1-1, 1-2, 3] set forth nearly *verbatim* the same generic contentions made in recent filings by other prisoners located at the same facility where he is confined. *Cf. Ginn v. Joyner*, No. 7: 21-16-DCR (E.D. Ky. 2021); *Wheeler v. Joyner*, No. 7: 21-20-JMH (E.D. Ky. 2021). And like those petitioners, Maggio readily acknowledges that he has not exhausted his administrative remedies, having only recently filed a request for informal resolution of the issue. [Record No. 1-5] He contends, nonetheless, that the Court should entertain his claims

because the warden is ignoring the issue, rendering further attempts at exhaustion futile. [Record No. 1 at 2, 3; Record No. 1-1 at 4] The Court disagrees and will deny Maggio's petition without prejudice.

Before a prisoner may seek habeas relief under § 2241, he must first fully exhaust his administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). The first step for a federal prisoner is to seek informal resolution with staff. 28 C.F.R. § 542.13. Regardless of the outcome of those discussions, he must file a formal grievance with the warden within twenty days of the events complained of. 28 C.F.R. § 542.14(a). The warden has twenty days to respond. 28 C.F.R. § 542.18. The prisoner may appeal to the appropriate regional office if he is not satisfied with the warden's response, or if the warden does not issue a response within the time permitted. 28 C.F.R. §§ 542.15(a), .18. If, as Maggio suggests, the warden has not responded to his grievance (either to his liking or at all) the appropriate step is to file an appeal with the Mid-Atlantic Regional Office. He may not simply abandon the grievance process prior to its completion. *Liggett v. Mansfield*, 2009 WL 1392604, at *2-3 (E.D. Tenn. May 15, 2009) ("A prisoner who files a grievance but does not appeal to the highest possible administrative level, does not exhaust available administrative remedies.") (*citing Hartsfield v. Vidor*, 199 F. 3d 305, 309 (6th Cir. 1999)). Before resort to the courts is permitted, administrative remedies must be pursued to their completion and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

Maggio argues that he need not exhaust his administrative remedies because his claim involves purely an issue of statutory construction. [Record No. 1-1 at 4-5] But he is incorrect, both factually and legally. Maggio's petition does not seek merely an abstract interpretation

of the FSA: he also seeks the Court's application of the statute's provisions to his particular circumstances (prior to any determination by the BOP, the agency charged with its administration) as well as the grant of affirmative relief to him, including his release from incarceration to home confinement. [Record No. 1 at 6-7] Determinations under the FSA are fact-bound, including which of the activities Maggio has completed qualify for credit under Act. *Cf. O'Bryan v. Cox*, No. 4:20-CV-04183-LLP, 2021 WL 983241, at *2-3 (D.S.D. Jan. 12, 2021), *report and recommendation adopted*, No. CIV 20-4183, 2021 WL 977792 (D.S.D. Mar. 16, 2021).

Claims involving statutory interpretation are not categorically excused from the exhaustion requirement. Instead, a court may waive the administrative exhaustion requirement as futile where there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *Cf. Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689-90 (E.D. Ky. 2004) (*citing James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987).

In a recent decision often cited by federal inmates, one district court in another circuit has excused the exhaustion requirement in a petition asserting claims under the FSA. *Goodman v. Ortiz*, Civ. No. 25-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25, 2020). However, independent of the nature of the claim asserted, requiring exhaustion has other benefits. Exhaustion of administrative remedies ensures that: (1) an agency has an opportunity to review and revise its actions before litigation is commenced, preserving both judicial resources and administrative autonomy; and (2) promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an

agency than in litigation in federal court." *Woodford*, 548 U.S. at 89 (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)) *See also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies."). Because these purposes are furthered by completion of the grievance process, the undersigned concludes that exhaustion of administrative remedies is required.

Accordingly, it is hereby

**ORDERED** as follows:

1. Maggio's petition for a writ of habeas corpus [Record No. 1] is **DENIED**, without prejudice.

2. All pending requests for relief, including Maggio's motion to appoint counsel [Record No. 3], are **DENIED**.

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: March 25, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky